

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

KPO/PL AGR
USAO# 2022R00849

February 21, 2024

Brian T. McCarthy, Esq.
Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042

Re:   <u>Plea Agreement with KONSTANTINOS ATSALIS</u>

Dear Mr. McCarthy:

This letter sets forth the plea agreement between your client, KONSTANTINOS ATSALIS ("ATSALIS"), the United States Attorney for the District of New Jersey, and the Environmental Crimes Section of the United States Department of Justice (collectively, the "United States"). This offer will expire on **March 6, 2024**, if it is not accepted in writing by that date. If ATSALIS does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of the United States' investigation.

<u>Charge</u>

Conditioned on the understandings specified below, the United States will accept a guilty plea from ATSALIS to a two-count Information, which charges ATSALIS with (1) knowingly failing to maintain, and causing the failure to maintain, an accurate Oil Record Book for the *M/T Kriti Ruby*, on or about September 15, 2022, in violation of the Act to Prevent Pollution from Ships (33 U.S.C. § 1908(a) and 33 C.F.R. § 151.25) and 18 U.S.C. § 2; and (2) knowingly discharging oily mixtures into the sea from machinery space bilges of the *M/T Kriti Ruby*, within 12 nautical miles of the nearest land, on or about September 14, 2022, in violation of the Act to Prevent Pollution from Ships (33 U.S.C. § 1908(a) and 33 C.F.R. § 151.10(b)(4)) and 18 U.S.C. § 2. If ATSALIS enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, the United States will not initiate any further criminal charges against ATSALIS for (1) failing to maintain an accurate Oil Record Book for the *M/T Kriti Ruby*; (2) discharging oil or oily mixtures into the sea from machinery space bilges of the *M/T*

*Kriti Ruby* within 12 nautical miles of the nearest land; or (3) obstructing justice while serving as a crew member on board that vessel, from on or about June 20, 2022, to on or about September 15, 2022.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the United States may reinstate any dismissed charges and initiate any other charges against ATSALIS even if the applicable statute of limitations period for those charges expires after ATSALIS signs this agreement, and ATSALIS agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violations of 33 U.S.C. § 1908(a) to which ATSALIS agrees to plead guilty in the Information each carry a statutory maximum prison sentence of 6 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon ATSALIS is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence ATSALIS ultimately will receive.

Further, in addition to imposing any other penalty on ATSALIS, the sentencing judge as part of the sentence:

(1)     will order ATSALIS to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order ATSALIS to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     pursuant to 18 U.S.C. § 3583, may require ATSALIS to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should ATSALIS

- 2 -

be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ATSALIS may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Stipulations

The United States and ATSALIS will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of the United States is based on the information and evidence that the United States possesses as of the date of this agreement. Thus, if the United States obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind the United States. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, the United States and ATSALIS waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

ATSALIS understands that, if ATSALIS is not a citizen of the United States, ATSALIS's guilty plea to the charged offenses will likely result in ATSALIS being subject to immigration proceedings and removed from the United States by making ATSALIS deportable, excludable, or inadmissible, or ending ATSALIS's

- 3 -

naturalization. ATSALIS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. ATSALIS wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause ATSALIS's removal from the United States. ATSALIS understands that ATSALIS is bound by this guilty plea regardless of any immigration consequences. Accordingly, ATSALIS waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. ATSALIS also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Environmental Crimes Section of the U.S. Department of Justice and cannot bind other federal, state, or local authorities. If requested to do so, however, the United States will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ATSALIS. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude ATSALIS from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between ATSALIS and the United States and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER                    TODD KIM
United States Attorney                 Assistant Attorney General
District of New Jersey                 Environment and Natural
                                        Resources Division
                                       U.S. Department of Justice


By: *Kathleen P. O'Leary*              By: _____
Kathleen P. O'Leary                    Lauren Steele
Assistant United States Attorney       Trial Attorney


                                       By: _____
                                       Kenneth Nelson
                                       Senior Trial Attorney


APPROVED:

*David Walk*
_____
David Walk
Deputy Chief
Criminal Division

I have received this letter from my attorney, Brian T. McCarthy, Esq. It has been translated for me into Greek. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____                    Date:   8-March-2024
KONSTANTINOS ATSALIS


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                    Date:   March 8, 2024
Brian T. McCarthy, Esq.
Counsel for Defendant


- 6 -

Plea Agreement With KONSTANTINOS ATSALIS ("ATSALIS")

Schedule A

1.      The United States and ATSALIS recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2023, applies in this case.

## Count One – Act to Prevent Pollution from Ships

3.      The applicable guideline is U.S.S.G. § 2Q1.3, which carries a base offense level of 6.

4.      The offense otherwise involved a discharge, release or emission of a pollutant, pursuant to U.S.S.G. § 2Q1.3(b)(1)(B). This results in an increase of 4 levels.

5.      ATSALIS was a leader and organizer of the criminal activity, pursuant to U.S.S.G. § 3B1.1(c). This results in an increase of 2 levels.

6.      ATSALIS willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation or prosecution of the instant offense of conviction, and the obstructive conduct related to ATSALIS's offense of conviction and any relevant conduct, pursuant to U.S.S.G. § 3C1.1. This results in an increase of 2 levels.

## Count Two – Act to Prevent Pollution from Ships

7.      The applicable guideline is U.S.S.G. § 2Q1.3, which carries a base offense level of 6.

8.      The offense otherwise involved a discharge, release or emission of a pollutant, pursuant to U.S.S.G. § 2Q1.3(b)(1)(B). This results in an increase of 4 levels.

9.      ATSALIS was a leader and organizer of the criminal activity, pursuant to U.S.S.G. § 3B1.1(c). This results in an increase of 2 levels.

10.     ATSALIS willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation or prosecution of the instant offense of conviction, and the obstructive conduct related to ATSALIS's offense of conviction and any relevant conduct, pursuant to U.S.S.G. § 3C1.1. This results in an increase of 2 levels.

## Multiple Counts

11.     Pursuant to U.S.S.G. § 3D1.2(c), Counts One and Two group, resulting in a combined offense level of 14. *See* § 3D1.3(a).

12.     As of the date of this letter, ATSALIS has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if ATSALIS's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

13.     Accordingly, the parties agree that the total Guidelines offense level applicable to ATSALIS is 12 (the "Total Offense Level").

14.     Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

15.     If the term of imprisonment does not exceed 16 months, and except as specified in the next paragraph below, ATSALIS will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 10 months, the United States will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

16.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

      (a)     Any proceeding to revoke the term of supervised release.

      (b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

      (c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of

imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).